**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

ALVINO PIZANO,                                      )
                          Plaintiff,                )
        vs.                                         )        No. 1:08-cv-670-DFH-TAB
                                                    )
WENDY KNIGHT, Superintendent of                     )
Plainfield Correctional Facility,                   )
                                                    )
                          Defendant.                )

**Entry Concerning Selected Matters**

**I.**

The plaintiff's request to be supplied with a copy of the docket sheet is **granted.** The clerk shall include a copy of the requested document with the plaintiff's copy of this Entry.

**II.**

The plaintiff's motion to intercede (dkt 23) has been considered. In such motion the plaintiff, a state prisoner who challenges a requirement that he participate in a particular program, complains that for the past two weeks he has suffered a limitation on the number of pages in cases he attempts to research and in the number of visits to the prison law library. He complains that this has impeded his ability to prepare and file a motion for summary judgment.

The plaintiff is entitled to whatever access the Supreme Court has recognized in any situation of involuntary confinement, *i.e.,* the right to adequate, effective, and meaningful access to courts to challenge violations of his constitutional rights. See *Bounds v. Smith,* 430 U.S. 817(1977). The Supreme Court has also held that a state has no affirmative duty to "enable the prisoner to discover grievances, and to litigate effectively once in court." *Lewis v. Casey,* 518 U.S. 343, 354 (1996). What the plaintiff appears to seek to vindicate, therefore, is a freestanding right to greater access to law library access. Because the teaching of *Lewis* is that an inmate alleging denial of

access to the courts lacks even the standing to assert such a claim in the absence of actual injury, which means an adverse decision in, or inability to litigate, some concrete legal claim, the plaintiff's request for intervention at this point is unwarranted. At present, there is no deadline for the filing of motions for summary judgment. If a particular deadline is imposed and he encounters a specific problem in proceeding with that, the court may adjust the schedule or make other arrangements to accommodate his circumstances.

Based on the foregoing, the plaintiff's motion to intercede (dkt 23) is **denied.**

So ordered.

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date:   August 7, 2008

Distribution:

Alvino Pizano
DOC 124897
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN   46168

Carol A. Dillon
Sweetin & Bleeke, P.C.
carol@sweetinbleeke.com

James F. Bleeke
Sweetin & Bleeke, P.C.
jim@sweetinbleeke.com