**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

ALVINO PIZANO,                                    )
                          Plaintiff,              )
          vs.                                     )          No. 1:08-cv-670-SEB-DML
                                                  )
WENDY KNIGHT, Superintendent of                   )
  Plainfield Correctional Facility,               )
                                                  )
                          Defendant.              )

### Entry Discussing Motion for Summary Judgment

        The plaintiff in this civil rights action is Alvino Pizano, a state prisoner. The defendant is Superintendent Wendy Knight of the Plainfield Correctional Facility ("PCF"), the prison where Pizano was formerly confined. Pizano alleges that on February 12, 2008, he was improperly forced to sign paperwork requiring that he submit to the Indiana Sex Offender Management and Monitoring Treatment Program ("SOMM").[1] According to his amended complaint, Pizano is participating the SOMM "under the duress of losing all his previously earned good-time credit." He seeks declaratory judgment and injunctive relief freeing him from participation in the SOMM program.

        Superintendent Knight seeks resolution of Pizano's claim through the entry of summary judgment. Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[2] A "material fact" is one that "might affect the outcome of the suit."[3] A dispute is genuine only if a reasonable jury could find for the non-moving party.[4] The Supreme Court has explained that the purpose of Rule 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues."[5] The means by which this purpose is accomplished is by "pierc[ing] the pleadings and . . . assess[ing] the

_____

        [1]As a result of prior proceedings, only claim I from Pizano's complaint remains for resolution.

        [2]FED. R. CIV. P. Rule 56(c).

        [3]*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

        [4]*Id.*

        [5]*Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990).

proof in order to see whether there is a genuine need for trial."[6] Succinctly stated, "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial."[7] "The applicable substantive law will dictate which facts are material."[8]

"'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'"[9] "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion."[10]

Pizano's claim is asserted pursuant to 42 U.S.C. § 1983. Before the merits of this claim can be addressed, however, the court is required to address Superintendent Knight's affirmative defense that Pizano failed to exhaust his available administrative remedies prior to filing this action.[11]

The law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions.[12] This requirement is intended to serve the dual purpose of affording "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court[,]" and to improve the quality of inmate suits filed through the production of a "useful administrative record."[13] "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[14]

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without

---

[6] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[7] *Crawford-El v. Britton,* 118 S. Ct. 1584, 1598 (1998).

[8] *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

[9] *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999)(quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)).

[10] *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

[11] *Pavey v. Conley,* 528 F.3d 494, 498 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

[12] 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

[13] *Jones v. Bock,* 127 S. Ct. 910, 914-15 (2007)(citations omitted).

[14] *Porter,* 534 U.S. at 532 (citation omitted).

imposing some orderly structure on the course of its proceedings."[15] Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies.[16]

The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Pizano as the non-moving party with respect to the motion for summary judgment.[17]

- At the time pertinent to his claims in this action, Pizano was a prisoner confined at the PCF. The PCF is a prison operated by the Indiana Department of Correction ("DOC"). At that same time, the PCF had an inmate grievance procedure.
- The procedure is begun when an offender submits a grievance form to the

_____

[15]*Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).

[16]*See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

[17]See *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000). Pizano has opposed the motion for summary judgment, but his response lacks evidentiary significance for two reasons. *First,* his response fails to include the *statement of material facts in dispute* required by Local Rule 56.1(b). The *statement of material facts in dispute* required by Local Rule 56.1(b) is to identify the potentially determinative facts and factual disputes which the plaintiff contends demonstrate that there is a dispute of fact precluding summary judgment. These factual assertions must be supported by appropriate citations to the record and evidence submitted in connection with the motion for summary judgment. The failure to submit the required *statement of material facts in dispute* concedes the defendant's version of the facts to the extent they are supported by admissible evidence. This is the consequence of Local Rule 56.1(e). *See, e.g., Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) (holding that "a failure to respond by the nonmovant as mandated by the local rules results in an admission"); *Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998)(stating that procedural rules "apply to uncounseled litigants and must be enforced").*Second,* Pizano has opposed the motion for summary judgment with a document purporting to be an affidavit containing statements supported "to the best of [his] personal knowledge and beliefs." According to the *Federal Rules of Civil Procedure,* "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED.R.CIV.P. 56(e). "An affidavit not in compliance with Rule 56 can neither lend support to, nor defeat, a summary judgment motion." *Paniaguas v. Aldon Cos.,* 2006 WL 2568210, at *4 (N.D.Ind. Sept. 5, 2006) (citing *Zayre Corp. v. S.M. & R. Co.,* 882 F.2d 1145, 1148-49 (7th Cir. 1989); *Palucki v. Sears, Roebuck & Co.,* 879 F.2d 1568, 1572 (7th Cir. 1989)). Applying this standard requires that affidavits presented in opposition to the defendant's motion be based upon personal knowledge; a statement merely indicating that a purported affidavit is based upon "information and belief" is insufficient. *Price v. Rochford,* 947 F.2d 829, 832-33 (7th Cir. 1991); *Visser v. Packer Engineering Associates, Inc.,* 924 F.2d 655, 659 (7th Cir. 1991); *Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir. 1989). Materials which do not comply with the standard of Rule 56(e) will be disregarded. *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003)("[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law.").

Grievance Specialist. An offender must file a grievance within 20 business days from the day of the event that is the subject of the grievance and, if the grievance is not resolved in a manner that satisfies the offender, he may pursue the issue by filing an appeal to the DOC's Offender Grievance Manager. The proper or full exhaustion of the grievance process requires pursuing an appeal to the final (second) step.

- A computer log is kept of all grievances properly filed at all facilities within the DOC, including the PCF, after December 1, 2005.

- The actions Pizano challenges in this case were within the scope of treatment and/or conditions of confinement which could be grieved under the grievance procedure in effect at the PCF.

- The computer log at the PCF reveals that Pizano did not file a grievance relating to his assignment to or participation in the SOMM program during the time of his confinement at the PCF and prior to the filing of this lawsuit on May 21, 2008.

- Pizano had through May 12, 2008, in which to submit a grievance regarding his assignment to or participation in the SOMM program during the time of his confinement at the PCF. He did not do so.

The failure to exhaust as required by the PLRA is an affirmative defense and it is a defendant's burden to prove that a prisoner has not exhausted available administrative remedies.[18] Superintendent Knight has shown that there was a grievance procedure available to Pizano at the PCF, that an inmate's SOMM participation was grievable, and that Pizano did not file such a grievance. Pizano was required to complete the proper grievance form, but failed to do so. Superintendent Knight has met his burden of proving that Pizano "had available remedies that [he] did not utilize."[19] Thus, Pizano's failure to properly exhaust bars his claim for relief at this time.

Because the pleadings and the record pertaining to the motion for summary judgment show that Pizano did not properly exhaust his available administrative remedies prior to filing this action, the motion for summary judgment must be granted and this action dismissed without prejudice.[20] Superintendent Knight's motion for summary judgment (dkt 60) is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/25/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[18]*See Jones v. Bock,* 127 S. Ct. 910, 921 (2007); *Conyers v. Abitz,* 416 F.3d 580, 584 (7th Cir. 2005).

[19]*Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004).

[20]*See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."); *Pozo,* 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").